UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO:

LATISHA THOMAS, as
Personal Representative of
The Estate of ANTHONY LOWRY,
Deceased, for and on behalf of
Said Estate and the Survivors Thereof,

      Plaintiff,

vs.

UNITED STATES OF AMERICA
and REGINALD PEREIRA, M.D.,

      Defendants.
_____/

## COMPLAINT FOR WRONGFUL DEATH

COMES NOW the Plaintiff, LATISHA THOMAS, as Personal Representative of the Estate of Anthony Lowry, deceased, for and on behalf of Said Estate and the Survivors Thereof, and sues the Defendants, THE UNITED STATES OF AMERICA and REGINALD PEREIRA, M.D. (hereinafter "PEREIRA"), and alleges as follows:

JURISDICTIONAL STATEMENT AND IDENTIFICATION OF PARTIES

    1.    This is an action brought pursuant to the procedures outlined in the Federal Tort Claims Act, as well as the provisions of Florida Statute 766.

    2.    Venue is proper in the Southern District of Florida, as the Decedent was a resident of Miami-Dade County, Florida, the Estate of Anthony Lowry has been opened

1

in Miami-Dade Circuit Court, and the medical care at issue was provided at the VA Hospital in Miami, Florida.

3. The Plaintiff, LATISHA THOMAS, is the duly appointed Personal Representative of the Estate of Anthony Lowry, as noted in the Order Appointing Personal Representative and Letters of Administration, copies of which are attached hereto and made a part of this Complaint as Exhibit A.

4. The Decedent, Anthony Lowry, was a military veteran who died as a result of the alleged negligence in this matter on June 12, 2017.

5. Latavis Thomas [date of birth: September 4, 1992], is a surviving child of Anthony Lowry and is a survivor as defined by the Florida Wrongful Death Statute.

6. At all times material hereto, Defendant, UNITED STATES OF AMERICA, owned and operated the Veterans Administration Hospital in Miami, Florida.

7. At all times material hereto, Alan Schob, M.D. was a specialist in cardiovascular diseases, practicing in Miami-Dade County, Florida at the Veteran's Administration Hospital, and was an employee of the Veterans Administration and therefore an employee of THE UNITED STATES OF AMERICA.

8. At all times material hereto, Defendant, REGINALD PEREIRA, M.D., was a physician licensed to practice medicine in the State of Florida, and practiced in the specialty of internal medicine and was practicing in Miami-Dade County, Florida.

2

9. This Court has jurisdiction over this matter pursuant to 28 U.S.C., Section 1346(b), Section 1402(b), Section 2401(b), Sections 2671 through 2680 and 28 U.S.C. Section 1367.

10. The Plaintiff herein has complied with all conditions precedent to the filing of this matter.

11. With regard to the claim against THE UNITED STATES OF AMERICA, the Plaintiff has complied with all conditions precedent by providing notice to the appropriate government agency, pursuant to 28 U.S.C. Section 2675(a). The Plaintiff did in fact prepare, serve and deliver standard Form 95, which was acknowledged by the US Department of Veteran Affairs' Office of General Counsel as having been received by that agency on September 24, 2018. A copy of the Form and response are attached hereto and incorporated into this Complaint as Exhibit B.

12. More than six months have now passed since the US Department of Veteran Affairs received the Form 95 claim, and the agency has not settled or denied the claim or responded to it in any fashion. As such, the Plaintiff has complied with all notice provisions and the Court has jurisdiction to entertain this Complaint.

13. In addition thereto, the Plaintiff served, by certified mail, return receipt requested a Notice of Intent to Defendant PEREIRA that contained all of the information required by Chapter 766 of the Florida Statutes to initiate a medical negligence claim. Defendant PEREIRA failed and refused to respond to said notice and/or any subsequent

communications, therefore, the presuit period under Florida law as to Defendant PEREIRA is deemed to have expired, thus, entitling the Plaintiff to file this lawsuit.

## FACTS GIVING RISE TO THE COMPLAINT

14. The Decedent, Anthony Lowry, who was 67 years old, went to the emergency room at the VA Hospital in Miami on June 10, 2017 complaining of weakness. The Decedent was admitted to the hospital and a workup was done to rule out a stroke as the cause of his weakness.

15. After being admitted to the hospital, the Decedent came under the care of Defendant PEREIRA who was serving as his primary care physician.

16. Defendant, PEREIRA, was notified by hospital staff on June 11, 2017 that Decedent, Anthony Lowry, had a critically high troponin level. No orders were issued by Defendant PEREIRA in response to the report.

17. Defendant PEREIRA was called again on June 11, 2017 by the hospital staff, this time he was advised that Decedent Lowry's blood pressure was elevated.

18. While under Defendant PEREIRA's care, the Decedent underwent an EKG.

19. The EKG ordered by Defendant PEREIRA was performed on the Decedent and the results were available early on the morning of June 12, 2017. The EKG showed a very specific ST elevation, which is indicative of a myocardial infarction, and which required immediate referral for diagnostic and corrective treatment.

4

20. This information, along with the fact that the patient had increasing troponin levels, was known to the nursing staff caring for Mr. Lowry, and was conveyed to Defendant PEREIRA, the attending physician.

21. Despite having knowledge of this potential life-threatening EKG change and the elevated Troponin levels, no action was taken by the nurses or Defendant PEREIRA for more than seven and a half hours. It was not until 7:50 am that morning that Mr. Lowry was transferred to the cardiac catheterization lab. Once there, the patient was evaluated by Dr. Schob, who agreed to perform a diagnostic and potentially curative cardiac catheterization.

22. Despite the hospital staff, Dr. Schob and Defendant PEREIRA being made aware that the patient was likely having an ST myocardial infarction, the patient was still not brought into the cardiac catheterization lab for another hour and a half.

23. Once there, Dr. Schob began a cardiac catheterization, however, he failed to identify the pre-existing critical disease in the ostial portion of the circumflex vessel, resulting in his failure to treat that particular disease at the same time he was treating the left anterior descending artery.

24. The failure of Dr. Schob to identify obvious findings and to treat them caused the patient's condition to deteriorate, and he ended up in cardiogenic shock.

25. Mr. Lowry went into cardiac arrest, and the healthcare providers' attempts to resuscitate him were unsuccessful.

26. As a result of the negligence of the Defendants herein, Anthony Lowry died on June 12, 2017.

## COUNT I – CLAIM AGAINST UNITED STATES OF AMERICA UNDER THE FEDERAL TORT CLAIMS ACT

The Plaintiff re-alleges and readopts paragraphs 1 through 26 and further alleges:

27. the Decedent, Anthony Lowry, came under the care of the Defendant, THE UNITED STATES OF AMERICA, when he presented to the Veteran's Administration Hospital in Miami on June 10, 2017.

28. While at the Veteran's Administration Hospital, the Decedent came under the care of doctors and nurses employed by the Veteran's Administration Hospital, including but not limited to Alan Schob, M.D.

29. Alan Schob, M.D. had and undertook the duty to perform a cardiac evaluation and cardiac catheterization on the Decedent, Anthony Lowry, in accordance with the accepted standards of care for physicians in Miami-Dade County, Florida or any other similar medical community. Notwithstanding the duty undertaken, Alan Schob, M.D. breached that duty in the following ways:

   a. negligently and carelessly causing a delay in the transfer of Mr. Lowry to the cardiac catheterization lab once he learned that an ST elevation myocardial infarction had been identified;

   b. negligently and carelessly failing to recognize pre-existing critical disease in the ostial portion of the circumflex vessel; and

   c. negligently and carelessly failing to appropriately treat the ostial circumflex disease at the same time as the left anterior descending

artery disease with either intracoronary stenting or placement of an intra-aortic balloon pump, and transfer for emergency coronary artery bypass grafting.

30. The nurses employed by the Veterans Administration Hospital in Miami were also negligent in their care and treatment of the Decedent inasmuch as they allowed an abnormal EKG result to go for seven hours before contacting or arranging for the appropriate physicians to come in and see Mr. Lowry.

31. The nursing staff's failure to insure that a critical test result was communicated and ultimately acted upon by the medical staff was below the standard of care.

32. As a direct and proximate result of the negligence of Alan Schob, M.D. and the nursing staff of the Veteran's Administration Hospital, Anthony Lowry, died. The Plaintiff brings the below list of claims for damages on behalf of the Estate and survivors.

## COUNT II
## NEGLIGENCE AGAINST DR. REGINALD PEREIRA

The Plaintiff readopts and re-alleges paragraphs 1 through 26 and further alleges:

33. The Decedent, Anthony Lowry, came under the care of the Defendant, REGINALD PEREIRA, M.D., at the Veterans Administration Hospital in Miami in June of 2017.

34. As the attending physician for Anthony Lowry, Defendant PEREIRA had a duty to the patient to, among other things, make sure that all proper diagnostic tests were

7

ordered, that the results were obtained in a timely manner, and that any critical results were properly and timely communicated to the treating physicians and to any appropriate and necessary specialists so that proper treatment could be rendered to the patient, Anthony Lowry.

35. The Defendant PEREIRA had the duty to provide care and treatment for the Anthony Lowry, in accordance with the accepted standards of care for physicians in Miami-Dade County, Florida or any other similar medical community. Notwithstanding the duty undertaken, the Defendant, PEREIRA, breached that duty in each of the following ways:

> a. negligently and carelessly failed to follow up on an EKG after notification of critical values, increasing troponin levels and the identification of an ST elevation on the EKG, resulting in a delay of the diagnosis and treatment of an ST elevation myocardial infarction; and
>
> b. negligently and carelessly failed to take into account the Decedent, Anthony Lowry's, medical history when performing the evaluation and treatment of the Decedent while at the Veteran's Administration Hospital.

36. As a direct and proximate result of the negligence of the above referenced Defendant, REGINALD PEREIRA, M.D., Anthony Lowry, died. The Plaintiff brings the below list of claims for damages on behalf of the Estate and survivors.

**<u>CLAIM FOR DAMAGES BROUGHT BY THE PERSONAL REPRESENTATIVE ON BEHALF OF THE ESTATE OF ANTHONY LOWRY, DECEASED</u>**

The Plaintiff readopts and re-alleges paragraphs 1 through 36 and further alleges:

37. The Estate of Anthony Lowry has in the past suffered and will in the future continue to suffer the following damages:

   a. Loss of prospective net accumulations of the Estate, which might have been expected but for the wrongful death, reduced to present money value; and

   b. Medical and funeral expenses due to the Decedent's death charged against his Estate which were paid for by or on behalf of the Decedent.

WHEREFORE, the Plaintiff, LATISHA THOMAS as Personal Representative of the Estate of Anthony Lowry, deceased, for and on behalf of the Estate, demands judgment against the Defendants for damages in excess of the minimum jurisdictional limits of this Court, and for the amounts previously claimed in the Federal Tort Claims Act Notice as outlined in Form 95 and as permitted under Florida's Wrongful Death Act and the Federal Tort Claims Act.

## CLAIM FOR DAMAGES BROUGHT BY PERSONAL REPRESENTATIVE ON BEHALF OF SURVIVING CHILD, LATAVIS THOMAS

The Plaintiff readopts and re-alleges paragraphs 1 through 36 and further alleges:

38. The Plaintiff, LATISHA THOMAS, as Personal Representative of the Estate of Anthony Lowry, Deceased, for and on behalf of the Survivor of the Decedent, makes the following claims for LATAVIS THOMAS, who has in the past suffered and will in the future continue to suffer the following damages:

   a. the value of loss, support and services of the Decedent from the date of the Decedent's death, both in the past and in the future; and

b. the loss of the Decedent's parental companionship, instruction, guidance and mental pain and suffering from the date of the Decedent's death, both in the past and in the future.

WHEREFORE, the Plaintiff, LATISHA THOMAS, as Personal Representative of the Estate of Anthony Lowry, Deceased, for and on behalf of the Survivor, LATAVIS THOMAS, demands judgment against the Defendants for all damages recoverable under the Florida Wrongful Death Act and the Federal Tort Claims Act.

### CERTIFICATE OF COUNSEL

Through counsel's signature below, it is hereby certified, pursuant to Florida Statute §766.203, that counsel for the Plaintiff prior to filing this action has made a reasonable investigation as permitted by the circumstances to determine that there are grounds for a good faith belief that there was negligence in the care and treatment of the Decedent, ANTHONY LOWRY. Further, such reasonable investigation has been given for a good faith belief that grounds exist for an action against the named Defendants.

Dated:   May 2, 2019                 Respectfully submitted,

/s/ Eugene K. Pettis
EUGENE K. PETTIS

/s/ Kenneth J. Miller
KENNETH J. MILLER
FBN: 865583
Email:   Service@hpslegal.com
HALICZER PETTIS & SCHWAMM, P.A.

10

        One Financial Plaza, Seventh Floor
        100 SE 3rd Avenue
        Fort Lauderdale, FL 33394
        *Attorneys for Plaintiff*
        Telephone:  954-523-9922
        Facsimile:   954-522-2512

## Certificate of Service

I HEREBY CERTIFY that on the 2nd day of May, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of records or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s/ Eugene K. Pettis*
EUGENE K. PETTIS

*/s/ Kenneth J. Miller*
KENNETH J. MILLER

Filing # 77491494 E-Filed 09/06/2018 07:02:41 AM

| | |
|---|---|
| IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT, IN AND FOR MIAMI-DADE COUNTY, FLORIDA<br><br>PROBATE DIVISION<br><br>IN RE: ESTATE OF ANTHONY L. LOWRY,<br><br>Deceased.        Case No. 2018-2171-CP-02<br><br>Section  PMH 04 | **WD-3** |

## ORDER APPOINTING PERSONAL REPRESENTATIVE
### (Wrongful Death)

On the petition of Latisha Thomas for the administration of the above estate ("Estate"), the Court finds that Latisha Thomas is entitled to appointment as personal representative ("Personal Representative").

It is hereby ADJUDGED that LATISHA THOMAS is appointed Personal Representative of the decedent's Estate, and upon taking the prescribed oath, filing designation of resident agent and acceptance, and entering into bond in the sum of $0.00, Letters of Administration shall be issued with the following restrictions:

1. Unless extended by court order, this Estate must be closed within 24 months.

2. Unless an appropriate bond has been entered into and approved by the Court, the Personal Representative shall place all liquid assets in a depository designated by this Court pursuant section 69.031, Florida Statutes, ("Depository"). This is a frozen account. No funds can be withdrawn without a court order.

3. The Attorney of Record shall file a receipt of assets by the Depository in a timely fashion.

4. If Florida real estate is sold, per court order, a closing statement shall be filed, and the sale's net proceeds shall be placed in the Depository.

5. The Personal Representative and the Depository shall jointly receive all monies payable to the Estate.

6. There shall be no sale, encumbrance, borrowing, or gifting of any assets without court order.

7. The apportionment of the wrongful death settlement must be approved by this Court.

DONE AND ORDERED in Chambers at Miami-Dade County, Florida, on 09/05/18.

*Celeste Hardee Muir*
CELESTE HARDEE MUIR
CIRCUIT COURT JUDGE

**No Further Judicial Action Required on THIS MOTION/PETITION**
**CLERK TO RECLOSE CASE IF POST JUDGMENT**

EXHIBIT "A"

The parties served with this Order are indicated in the Florida Courts E-Filing Portal "Notice of Service of Court Documents" email confirmation. The movant/petitioner shall IMMEDIATELY serve a true and correct copy of this Order, by mail, facsimile, email or hand-delivery, to all parties/counsel of record for whom service is not indicated in the "Notice of Service of Court Documents" email confirmation, and file proof of service with the Clerk of Courts.

Filing # 77491496 E-Filed 09/06/2018 07:02:51 AM

| | |
|---|---|
| IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT, IN AND FOR MIAMI-DADE COUNTY, FLORIDA<br>PROBATE DIVISION<br>IN RE: ESTATE OF ANTHONY L. LOWRY,<br><br>Deceased.         Case No. 2018-2171-CP-02<br><br>Section   PMH 04 | **WD-4** |

**LETTERS OF ADMINISTRATION**
**(Wrongful Death)**

TO WHOM IT MAY CONCERN:

   WHEREAS, Anthony L. Lowry a resident of Miami-Dade County, died on June 12, 2017, owning assets in the State of Florida, and

   WHEREAS, Latisha Thomas has been appointed Personal Representative of the decedent's ("Decedent") estate ("Estate") and has performed all acts, prerequisite to issuance of Letters of Administration in the Estate,

   NOW, THEREFORE, I, the undersigned Circuit Judge, declare the foregoing to be duly qualified under the laws of the State of Florida to act as Personal Representative of the above Estate, with full power to administer the Estate according to law; to ask, demand, sue for, recover and receive the property of the Decedent; to pay the debts of the Decedent as far as the assets of the Estate will permit and the law directs; and to make distribution of the Estate according to law, with the following restrictions:

1. Unless extended by court order, this Estate must be closed within 24 months.

2. Unless an appropriate bond has been entered into and approved by the Court, the Personal Representative shall place all liquid assets in a depository designated by this Court pursuant section 69.031, Florida Statutes, ("Depository"). This is a frozen account. No funds can be withdrawn without a court order.

3. The Attorney of Record shall file a receipt of assets by the Depository in a timely fashion.

4. If Florida real estate is sold, per court order, a closing statement shall be filed, and the sale's net proceeds shall be placed in the Depository.

5. The Personal Representative and the Depository shall jointly receive all monies payable to the Estate.

Probate Division: PMH 04        Case Name: Estate of Anthony L. Lowry        Case No.: 2018-2171-CP-02

6. There shall be no sale, encumbrance, borrowing, or gifting of any assets without court order.

7. The apportionment of the wrongful death settlement must be approved by this Court.

8. These letters do not authorize entry into any safe deposit box without further court order.

9. The verified inventory shall be filed within sixty days from the issuance of these letters.

DONE AND ORDERED in Chambers at Miami-Dade County, Florida, on 09/05/18.

*Celeste Hardee Muir*
CELESTE HARDEE MUIR
CIRCUIT COURT JUDGE

**No Further Judicial Action Required on THIS MOTION/PETITION**
**CLERK TO RECLOSE CASE IF POST JUDGMENT**

The parties served with this Order are indicated in the Florida Courts E-Filing Portal "Notice of Service of Court Documents" email confirmation. The movant/petitioner shall IMMEDIATELY serve a true and correct copy of this Order, by mail, facsimile, email or hand-delivery, to all parties/counsel of record for whom service is not indicated in the "Notice of Service of Court Documents" email confirmation, and file proof of service with the Clerk of Courts.

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit to Appropriate Federal Agency: | 2. Name, address of claimant, and claimant's personal representative if any. (See instructions on reverse). Number, Street, City, State and Zip code. |
|---|---|
| Office of Chief Counsel (02FT)<br>Franklin Templeton Building<br>140 Fountain Parkway, Ste. 520<br>St. Petersburg, FL 33716 | Anthony Lowry, deceased c/o<br>Latisha Thomas, Personal Representative of the Estate of Anthony Lowry, deceased<br>2365 E. Superior Street, Opa Locka, FL 33054 |

| 3. TYPE OF EMPLOYMENT<br>☐ MILITARY  ☒ CIVILIAN | 4. DATE OF BIRTH<br>02/06/1950 | 5. MARITAL STATUS<br>Not married | 6. DATE AND DAY OF ACCIDENT<br>06/12/2017    Monday | 7. TIME (A.M. OR P.M.)<br>P.M. |
|---|---|---|---|---|

8. BASIS OF CLAIM (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary).

Anthony Lowry was admitted to the V.A. Hospital in Miami on 6/10/17. While in the emergency room, he had an abnormal EKG. The abnormal results were not acted upon for seven hours. The next morning, a cardiologist was called. HE ordered the patient be taken to the Cath Lab. There was a delay in getting Mr. Lowry there. Once there, the procedure was performed by Alan Schob, MD, who failed to identify and treat blockages in Mr. Lowry's arteries. As a result, Mr. Lowry suffered a myocardial infarction and died.

| 9. | PROPERTY DAMAGE |
|---|---|

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).

N/A

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF THE DAMAGE AND THE LOCATION OF WHERE THE PROPERTY MAY BE INSPECTED. (See instructions on reverse side).

N/A

| 10. | PERSONAL INJURY/WRONGFUL DEATH |
|---|---|

STATE THE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE THE NAME OF THE INJURED PERSON OR DECEDENT.

The decedent, Anthony Lowry, had his death caused by negligence of the V.A. Hospital and its staff and physicians. They failed to timely treat his coronary artery disease in the face of an abnormal EKG, then delayed further once a cardiologist was called, who then failed to intervene. That resulted in Mr. Lowry's death. Mr. Lowry is survived by his children. One child, Lativis Thomas, is a statutory survivor and seeks damages as beneficiary of Anthony Lowry's estate.

| 11. | WITNESSES | |
|---|---|---|
| | NAME | ADDRESS (Number, Street, City, State, and Zip Code) |
| | Yvette Thomas | 2365 E. Superior Street, Opa Locka, FL 33054 |
| | Latavis Thomas | 2365 E. Superior Street, Opa Locka, FL 33054 |

| 12. (See instructions on reverse). | AMOUNT OF CLAIM (in dollars) | | | |
|---|---|---|---|---|
| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights). | |
| 0.00 | 0.00 | 2,000,000 | 2,000,000 | |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side). | 13b. PHONE NUMBER OF PERSON SIGNING FORM | 14. DATE OF SIGNATURE |
|---|---|---|
| *[signature]* | 305-770-8661 | 9-10-18 |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729). | Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001.) |

Authorized for Local Reproduction
Previous Edition is not Usable
95-109

NSN 7540-00-634-4046

STANDARD FORM 95 (REV. 2/2007)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2


EXHIBIT "B"

| INSURANCE COVERAGE |
|---|
| In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of the vehicle or property. |

15. Do you carry accident Insurance? ☐ Yes   If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number.   ☐ No

N/A

16. Have you filed a claim with your insurance carrier in this instance, and if so, is it full coverage or deductible?  ☐ Yes  ☐ No | 17. If deductible, state amount.

N/A

18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim? (It is necessary that you ascertain these facts).

N/A

19. Do you carry public liability and property damage insurance? ☐ Yes   If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code).   ☐ No

N/A

## INSTRUCTIONS

**Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident. If the incident involves more than one claimant, each claimant should submit a separate claim form.**

Complete all items - Insert the word NONE where applicable.

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A SUM CERTAIN FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN **TWO YEARS** AFTER THE CLAIM ACCRUES.

**Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid. A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.**

If instruction is needed in completing this form, the agency listed in item #1 on the reverse side may be contacted. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations. If more than one agency is involved, please state each agency.

The claim may be filled by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item number 12 of this form.

The amount claimed should be substantiated by competent evidence as follows:

*(a)* In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of the injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

*(b)* In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

*(c)* In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

*(d)* Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.

### PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.
  A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.
C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid."

### PAPERWORK REDUCTION ACT NOTICE

This notice is solely for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501. Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention: Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, DC  20530 or to the Office of Management and Budget.  Do not mail completed form(s) to these addresses.

STANDARD FORM 95 REV. (2/2007) BACK



**U.S. Department of Veterans Affairs**
Office of General Counsel

Torts Law Group (02)
1201 NW 16th Street
Miami, FL 33125

Email: steve.mccormack@va.gov

In Reply Refer To: GCL 385523

October 9, 2018

Eugene K. Pettis
Haliczer Pettis & Schwamm
One Financial Plaza, Seventh Floor
100 SE Third Avenue
Fort Lauderdale, FL 33394

      RE:    Administrative Tort Claim; Anthony Lowry, Deceased
                Latisha Thomas, Personal Representative

Dear Mr. Pettis:

The U.S. Department of Veterans Affairs (VA) received your tort claim on September 24, 2018.

VA has six months from the date your claim was received to consider a claim before you may file suit in federal district court pursuant to the Federal Tort Claims Act (FTCA), sections 1346(b), 2401(b), and 2671-2680, title 28, United States Code.

If you have not been contacted after six (6) months from the date your claim was received, you may contact Attorney Steve McCormack at steve.mccormack@va.gov.

A combination of federal and state laws governs FTCA claims; some state laws may limit or bar a claim or lawsuit. VA staff handling FTCA claims work for the Federal Government, and cannot provide legal advice on state or federal law filing requirements.

Sincerely,

*Annie L. King*
Annie King
Legal Assistant